IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHANIE ANN DEYOT,

                              OPINION AND ORDER

        Petitioner,

                              18-cv-119-bbc

    v.

DUNN COUNTY, WI COURTHOUSE and
WI DEPARTMENT OF CORRECTIONS,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Stephanie Deyot has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which she challenges a judgment of conviction entered on May 31, 2013 and the revocation of her probation on December 9, 2014, by the Circuit Court for Dunn County, Wisconsin, on counts of possession with intent to distribute amphetamine and the manufacture and delivery of heroin, in Case No. 2013CF33. She has paid the $5 filing fee, so her petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. Also before the court is petitioner's motion for assistance in recruiting counsel. Dkt. #5.

        I understand petitioner to be raising the following grounds for relief: (1) petitioner was charged and convicted based on inaccurate or missing evidence because

police officers planted the drugs that were found in the car she was in; (2) petitioner was not formally charged or advised of her rights under Miranda v. Arizona, 384 U.S. 436 (1966), with respect to the manufacture and delivery of heroin count; and (3) petitioner received ineffective assistance from her trial counsel who failed to challenge inconsistent testimony given by police officers and raise other civil rights violations. After reviewing petitioner's submissions and relevant court records, it appears that the petition is untimely and that petitioner has procedurally defaulted her claims. However, I will give petitioner a short opportunity to show cause why the case should not be dismissed.

OPINION

On February 1, 2013, petitioner was charged with possession with intent to distribute amphetamine and manufacture and delivery of heroin. On May 31, 2013, she entered a plea of no contest to those charges and was sentenced to seven years and six months' probation. On December 9, 2014, petitioner's probation was revoked and she was sentenced to three years in prison and four years of extended supervision. Petitioner did not file a direct appeal or any postconviction motions. She filed her petition for writ of habeas corpus in this court on February 20, 2018.

Petitioner faces two obvious obstacles: exhaustion and timeliness. I will discuss each issue separately.

A. Exhaustion

The federal habeas corpus statutes require a petitioner to exhaust all available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). The doctrine of exhaustion requires a habeas corpus petitioner to "fully and fairly present" her claims in such a way as to give the state appellate courts a meaningful opportunity to consider the substance of those claims and correct any mistakes. Picard v. Connor, 404 U.S. 270, 275 (1971); Curtis v. Montgomery, 552 F.3d 578, 582 (7th Cir. 2009) (citations omitted). To "fully" present her claims, a petitioner must pursue all available avenues of relief and comply with the state's procedural requirements before turning to the federal courts. A habeas petitioner who misses an opportunity to properly present a claim in state court commits a procedural default that may forfeit federal review of that claim. Curtis, 552 F.3d at 582 (citing Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007)). See also Guest v. McCann, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted.").

Petitioner says, and my review of online Wisconsin court records confirms, that she did not present her claims at any level of the Wisconsin court system. Where a procedural default has occurred, federal habeas corpus review is available only if the petitioner can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result

3

in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Brown v. Watters, 599 F.3d 602, 609 (7th Cir. 2010) (citing Johnson v. Hulett, 574 F.3d 428, 430 (7th Cir. 2009). Cause to overcome a procedural default requires a showing "that some objective factor" prevented compliance with the procedural rule. Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the alleged violations "worked to h[er] actual and substantial disadvantage," which infected h[er] entire proceeding with an "error of constitutional dimensions." Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) (citation omitted). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing that she is "actually innocent" of the charges against her. Dretke v. Haley, 541 U.S. 386, 393 (2004).

Petitioner states that she failed to exhaust her state court remedies because she was young and naive and was mislead by trial counsel. Although lack of experience does not excuse procedural default, ineffective assistance of counsel can establish "cause" for a procedural default. However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner will be held to have procedurally defaulted this claim unless she has raised it first in the state court Id. at 452-53. It does not appear that petitioner ever presented a claim of ineffective assistance of trial counsel to the state courts, but she still may be able to raise the issue in a postconviction motion filed under Wis. Stat. § 974.06. If that is

4

the case, petitioner will have to exhaust her state court remedies in state court before seeking habeas relief in this court.

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in her petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). Therefore, I will give petitioner an opportunity to overcome her default by showing: (1) what cause she may have for her failure to properly present her defaulted claims to the state courts; and (2) what prejudice she will suffer as the result of her failure to raise these claims properly; or (3) whether a failure to review her claims will constitute a fundamental miscarriage of justice because she is actually innocent of the charges against her. Because any response will be considered as a "supplement" to her petition for a writ of habeas corpus, petitioner must make sure to declare that any statements contained in her response are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner). Petitioner will have until April 4, 2018 to supplement her petition. If she files the supplement, the court will determine whether she may proceed with her claims or whether they should be

dismissed as procedurally defaulted. If petitioner fails to file a supplement by April 4, her claims will be dismissed as procedurally defaulted.

## B. Timeliness

Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. Because petitioner did not file a direct appeal or a motion for postconviction relief, her conviction became final when the time for seeking a direct appeal expired. At the latest, this would have been on February 9, 2015. Wis. Stat. § 809.30(2)(h) (defendant has 60 days from receipt of trial court transcript to file notice of appeal or motion for postconviction relief). Her one-year clock for filing a federal habeas petition began running the next day, February 10, 2015, and it expired one year later, on February 10, 2016. Petitioner did not file her habeas petition in this court until 2018, long after the one-year period for doing so had expired.

The deadline for filing habeas petitions may be extended if the state prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right or if the petitioner has discovered new facts supporting her claim. 28 U.S.C. § 2244(d)(1)(B)-(D). In addition, an untimely petition may be salvaged if grounds exist to equitably toll, that is, stop the running of the limitations period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if she shows (1) that she has been pursuing her rights diligently,

and (2) that some extraordinary circumstance stood in her way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Petitioner provides no reason why she failed to file her federal habeas petition within the one-year period, apart from alleging that she was young and naive and her trial counsel "misled" her. As with procedural default, petitioner's lack of experience is not enough to invoke equitable tolling. Although I understand that it can be difficult to understand filing requirements and deadlines, the "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable tolling." Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013). However, petitioner's allegations of ineffective assistance of trial counsel may be relevant to equitable tolling, depending on the circumstances. Socha v. Boughton, 763 F.3d 674, 685 (7th Cir. 2014). Because a petitioner must have fair notice and an opportunity to present her position with respect to timeliness, Day v. McDonough, 547 U.S. 198, 210 (2006), I will allow her an opportunity to present a valid reason why her claims are not barred from federal review by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED that petitioner Stephanie Ann Deyot has until April 4, 2018 to show cause why her claims should not be dismissed as barred by the one-year statute of

limitations under 28 U.S.C. § 2244(d)(1) or the doctrine of procedural default. If petitioner fails to respond by April 4, I will dismiss the petition with prejudice.

Entered this 21st day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge