IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHANIE ANN DEYOT,

                  Petitioner,

v.

DUNN COUNTY, WI COURTHOUSE and
WI DEPARTMENT OF CORRECTIONS,

                  Respondents.

OPINION AND ORDER

18-cv-119-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 21, 2018, I directed petitioner Stephanie Deyot to show cause why her petition under 28 U.S.C. § 2254 should not be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) or the doctrine of procedural default. Dkt. #6. As I explained in that order, petitioner did not file a direct appeal or any post conviction motions challenging her May 31, 2013 sentencing following a plea of no contest or the revocation of her probation on December 9, 2014, before filing her petition for a writ of habeas corpus in this court on February 20, 2018. As a consequence, her claims were procedurally defaulted. I also explained that she had failed to file her petition within one year of the date on which her judgment of conviction had become final on February 10, 2016, as required under 28 U.S.C. § 2244(d)(1).

Although petitioner suggested in her petition that her trial counsel was ineffective, she did not present a claim of ineffective assistance of trial counsel to the state courts,

1

which she was required to do in order to show cause for her procedural default. Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000). She also did not show that she was actually innocent of the charges against her so that the court's failure to consider her claims would result in a fundamental miscarriage of justice. Dretke v. Haley, 541 U.S. 386, 393 (2004). In addition, I noted that petitioner did not appear to meet the requirements for equitable tolling of the statute of limitations period because she had not shown that she had been diligently pursuing her rights and that an extraordinary circumstance prevented her from filing a timely habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010).

In the supplement to her petition, petitioner merely repeats the allegations in her petition regarding the ineffectiveness of counsel, explaining that her trial counsel "deceived" her by failing to explain at her preliminary hearing the "proper protocol to charge and read Miranda rights" or to identify other police misconduct leading to her conviction. Dkt. #8. Although I understand petitioner to be alleging that she pleaded no contest only because her trial counsel misled her about the strength of her case, petitioner does not provide any explanation for why she never challenged her subsequent conviction in the state courts or waited more than one year after her conviction became final to file a petition for a writ of habeas corpus in this court. Petitioner also has not shown that she is actually innocent of the charges of which she was convicted. Accordingly, petitioner's claims will be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and the doctrine of procedural default. In addition, her pending motion for assistance in recruiting counsel, dkt. #5, will be denied as moot.

ORDER

IT IS ORDERED that the petition filed petitioner Stephanie Ann Deyot is DISMISSED as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) and the doctrine of procedural default. Petitioner's motion for assistance in the recruitment of counsel, dkt. #5, is DENIED as moot.

Entered this 21st day of May, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge